IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| CATRINA CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| THE SCOTTS COMPANY LLC, ) | |
| an Ohio limited liability company, and ) | |
| THE SCOTTS MIRACLE-GRO COMPANY, ) | |
| INC., an Ohio corporation, THE SCOTTS ) | JURY TRIAL REQUESTED |
| COMPANY OF OHIO LLC, an Illinois ) | |
| limited liability company, SMGM, LLC, an ) | |
| Ohio limited liability company, and ) | |
| TRUGREEN, INC., a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES, Plaintiff, CATRINA CURRY by and through her counsel, BURTNETT LAW OFFICE LLC, and CLARISSA Y. CUTLER, Attorney at Law, and complaining of Defendants, THE SCOTTS COMPANY LLC, THE SCOTTS MIRACLE-GRO COMPANY, INC., THE SCOTTS COMPANY OF OHIO LLC, SMGM LLC, and TRUGREEN, INC., states as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"); the Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et. seq.* ("FMLA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"); and Section 1981 of the Civil

1

Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"). Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

## PARTIES

2.  Plaintiff CATRINA CURRY is an African-American disabled female citizen of the State of Illinois residing in Waukegan, Lake County, Illinois.

3.  Defendants THE SCOTTS COMPANY LLC, an Ohio limited liability company, THE SCOTTS MIRACLE-GRO COMPANY, INC., an Ohio corporation, THE SCOTTS COMPANY OF OHIO LLC, an Illinois limited liability company, SMGM, LLC, an Ohio limited liability company, and TRUGREEN, INC., a Delaware corporation, (collectively referred to herein as "SCOTTS") have a location at which Plaintiff worked at the time of the events in question, located in Buffalo Grove, Illinois. At all times relevant to Plaintiff's claims, Defendants have employed 15 or more employees. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

4.  Plaintiff CATRINA CURRY was employed by Defendant as an administrative assistant and customer service representative from February 2001 through approximately May 8, 2015, at which time she was constructively discharged.

## JURISDICTIONAL STATEMENT

5.  Scotts's principal place of business is located in the County of Lake, State of Illinois, in the Northern District of Illinois, Eastern Division. Jurisdiction of this Court is invoked pursuant to §107 of the Americans with Disabilities Act of 1990 [42 U.S.C. §12117(a)](incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]; The Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et. seq.*; 42 U.S.C. §2000e-5(f)(3) to secure protection and redress deprivation of rights secured by Title VII,

under 28 U.S.C. §§ 1343(a)(3) and (4); and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) in that the majority of the operative facts in this case took place at Scotts's facility located at 700 Eastwood Lane, County of Lake, City of Buffalo Grove, State of Illinois, in the Northern District of Illinois, Eastern Division, and the unlawful employment practices giving rise to Plaintiff's claims occurred in this District and Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Plaintiff has met all of the administrative prerequisites to bringing this action in federal court in that she timely filed a charge against the defendant asserting the acts of discrimination indicated in this Complaint with the United States Equal Employment Opportunity Commission ("EEOC"), on or about July 30, 2015.  A copy of Charge No. 440-2015-06136 is attached to this complaint as Exhibit A.

8.      The EEOC issued a *Notice of Right to Sue* which was received by the Plaintiff's attorney via U.S. mail on October 22, 2016.  A copy of the *Notice of Right to Sue* is attached to this complaint as Exhibit B.

9.      Plaintiff's complaint is timely filed within 90 days of her attorney's receipt of the *Notice of Right to Sue* on October 22, 2016.

## GENERAL ALLEGATIONS

10.     Plaintiff was hired by defendant as a Customer Service Representative and Administrative Assistant on or about February 2001.

11.     At the time of her termination and during all times relevant to the allegations in this complaint, Plaintiff worked at the defendants' facility at 700 Eastwood Lane, Buffalo Grove, Illinois.

12.     At all times during Plaintiff's employment, Plaintiff's job performance met the employer's legitimate expectations and there were no active disciplinary actions in her personnel file.

13.     Plaintiff's employment was "seasonal" in that every year from approximately December-April 1 (weather permitting), Plaintiff was laid-off and collected unemployment while the employer continued to pay benefits, including medical insurance.

14.     Plaintiff suffers from kidney failure which originally developed as a result of Plaintiff's diabetes and high blood pressure (hypertension). Kidney failure is treated by dialysis wherein Plaintiff's blood is drained and cleaned and then replaced. Plaintiff's dialysis treatments take approximately four (4) hours per treatment. The treatments leave Plaintiff in a weakened state.

15.     Plaintiff's first round of dialysis was from December 2012 to May 2013 at which time her kidneys began functioning normally.

16.     In December 2013, Plaintiff suffered a repeat of kidney failure brought on by hypertension which required her to resume dialysis treatments three (3) times a week.

17.     Plaintiff's dialysis treatments for this second round began during the "seasonal lay-off" period.

18.     In April 2014, upon returning from "seasonal lay-off", Plaintiff applied for and was granted medical leave under the FMLA in the event she needed it. However, Plaintiff was able to schedule her dialysis treatments for Saturday at 5:00 am (and worked many Saturday

afternoons after the early morning treatments) and late afternoons on Tuesday and Thursday which resulted in her leaving an hour early on those days; and allowing her to make up the time during the rest of the week.

19. From April 2014 through approximately September 2014, the above schedule was utilized without complaints or requests for adjustment by either Plaintiff or her employer.

20. However, in approximately October 2014, Plaintiff's manager, Regina Carter, required that she use her FMLA for time off taken during the work week for dialysis treatments.

21. Instead of permitting Plaintiff to leave work an hour early at 3:30 pm for a 4:30 pm dialysis treatment, Regina Carter forced Plaintiff to take off a half-day (4 hours) of FMLA time, despite the fact that Plaintiff only needed an hour.

22. Then, on or about January 30, 2015, while on "seasonal lay-off", Plaintiff was notified by her manager, Regina Carter, that her position would be downgraded from a full-time to a part-time position without medical benefits.

23. On or about February 4, 2015, Plaintiff requested transfer to an advertised full-time equivalent customer service representative position in the nearby Woodridge, Illinois office with medical benefits. Plaintiff was told that the position was unavailable.

24. On information and belief, a similarly situated administrative assistant in another satellite office, Andrea Tamsevicius (Caucasian and non-disabled) was not downgraded to a part-time position and was paid overtime. Andrea Tamsevicius is the cousin of Plaintiff's manager, Regina Carter.

25. Without medical benefits Plaintiff was unable to continue working for Scotts and was forced to find other employment, leading to her constructive discharge.

26. On May 8, 2015, Plaintiff's employment ended.

## COUNT I

### Violation of the Americans with Disabilities Act--Discrimination

27. Plaintiff realleges and incorporates by reference paragraphs 1-26 as paragraph 27 of Count I.

28. Curry is disabled under the ADA as she has a physical or mental impairment that substantially limits one or more major life activities under 42 U.S.C. § 12102(1)(A).

29. Scotts discriminated against Curry by terminating her employment on May 8, 2015.

30. Curry's termination was carried out because of Curry's disability.

31. Upon information and belief, other employees who were not disabled under the ADA were treated more favorably than Curry in that their positions were not reduced and their health insurance was not cancelled. Moreover, they were not constructively discharged under similar circumstances.

32. The effect of Scotts's discriminatory employment practices has been to deny Curry equal employment opportunities, income in the form of wages, bonuses, and other benefits of employment because of her disability.

33. Moreover, Curry has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to Scotts's discriminatory acts.

34. Curry suffered lost earnings based on Scotts's actions.

35. Scotts's actions toward Curry were made with malice, willfulness or reckless disregard of her federally protected rights.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practices complained of are violations of the ADA;

(b) direct Defendant to make Plaintiff whole for all earnings and benefits she would have received but for Defendant's discriminatory treatment, including awarding Plaintiff back pay, front pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award punitive damages;

(d) award reasonable attorney's fees and costs; and

(e) order any other relief that the Court deems just and equitable.

## COUNT II

### Violation of Americans with Disabilities Act--Retaliation

36. Plaintiff realleges and incorporates by reference paragraphs 1-35 as paragraph 36 of Count II.

37. Scotts retaliated against Curry by terminating her employment on May 8, 2016.

38. Curry's hours were reduced and her employment ended because of her disability and for exercising her rights under the FMLA.

39. The effect of Scotts's retaliatory employment practices has been to deny Curry equal employment opportunities, income in the form of wages, bonuses, and other benefits of employment, including health insurance.

40. Moreover, Curry has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to Scotts's retaliatory acts.

41. Curry suffered lost earnings based on Scotts's actions.

42. Scott's actions toward Curry were taken with malice, willfulness or reckless disregard of her federally protected rights.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practices complained of are violations of ADA;

(b) direct Defendant to make Plaintiff whole for all earnings and benefits she would have received but for Defendant's retaliatory treatment, including awarding Plaintiff back pay, front pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award punitive damages;

(d) award reasonable attorney's fees and costs; and

(e) order any other relief that the Court deems just and equitable.

## COUNT III

### Violation of the Family Medical Leave Act – Interference

43. Curry realleges and incorporates by reference paragraphs 1-42 as paragraph 43 of Count IV.

44. The matters set forth in the Count arise from Scotts's violations of the FMLA, 29 U.S.C. §2601 *et seq.*

45. Scotts is an "employer" under §2611(4) and Curry is an "eligible employee" under §2611(2) of the FMLA.

46. In the year prior to April 2014, Curry had worked for Scotts on a full-time basis, had worked more than 1250 hours, and had in fact been deemed entitled to FMLA leave.

47. Curry has a serious health condition under the FMLA.

48. Curry and Scott's had achieved a resolution of Curry's health care needs by Curry leaving one (1) hour early two days a week in order to receive dialysis treatments. This schedule would have resulted in Curry using only two (2) hours a week of FMLA leave.

49. However, Curry's manager, Regina Carter, required that she take a full half-day from work (4 hours) when only one hour was required; this was violative of the Plaintiff's FMLA rights.

50. Scott's interference with Curry's rights under the FMLA was a willful and reckless violation of her rights.

WHEREFORE, Curry prays this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practices complained of are violations of the FMLA;

(b) direct Scotts to make Curry whole for all earnings and benefits she would have received but for Scotts's violations, including awarding her back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award Curry lost future earnings;

(d) direct Curry to pay liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. §2617(a)(1)(A);

(e) award reasonable attorney's fees and costs; and

(f) order any other relief that the Court deems just and equitable.

## COUNT IV

### Violation of the Family Medical Leave Act – Retaliation

51. Curry realleges and incorporates by reference paragraphs 1-50 in Count III as paragraph 51 of Count IV.

52. The matters set forth in the Count arise from Scotts's violations of the FMLA, 29 U.S.C. §2601 *et seq.*

53. Scotts is an "employer" under §2611(4) and Curry is an "eligible employee" under §2611(2) of the FMLA.

54. In the year prior to April 2014, Curry had worked for Scotts on a full-time basis, had worked more than 1250 hours, and had in fact been deemed entitled to FMLA leave.

55. Curry has a serious health condition under the FMLA.

56. On or around April 2014, Curry exercised her federally protected right to take unpaid FMLA leave in order to receive medical care.

57. Scotts demoted Curry in February 2015 from full-time to part-time status effective April 2015. As a part-time employee, FMLA was no longer available to Curry.

58. Scotts demoted Curry in retaliation for taking FMLA leave.

59. Scotts's conduct was willful and showed reckless disregard for Curry's federally protected rights.

60. Scott's interference with Curry's rights under the FMLA was a willful and reckless violation of her rights.

WHEREFORE, Curry prays this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practices complained of are violations of the FMLA;

(b) direct Scotts to make Curry whole for all earnings and benefits she would have received but for Scotts's violations, including awarding her back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award Curry lost future earnings;

(d) direct Curry to pay liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. §2617(a)(1)(A);

(e) award reasonable attorney's fees and costs; and

(f) order any other relief that the Court deems just and equitable.

## COUNT V

### Violation of Title VII of the Civil Rights Act--Discrimination

61. Plaintiff realleges and incorporates by reference paragraphs 1-60 as paragraph 61 of Count V.

62. Scotts discriminated against Curry by constructively discharging her from employment on May 8, 2015 after previously demoting her from a full-time to a part-time position.

63. These adverse employment actions were motivated and/or carried out because of Curry's race and/or gender.

64. Upon information and belief, other employees who were non-black and/or male were treated more favorably than Curry in that they were not demoted or discharged under similar circumstances.

65. The effect of Scotts's discriminatory employment practices has been to deny Curry equal employment opportunities, income in the form of wages, bonuses, and other benefits of employment, because of race and/or gender.

66. Moreover, Curry has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to Scotts's discriminatory acts.

67. Curry suffered lost earnings based on Scotts's termination of her employment.

68. Scotts actions toward Curry were taken with malice, willfulness or reckless disregard of her federally protected rights.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practices complained of are violations of Title VII of the Civil Rights Act, as amended;

(b)  direct Defendant to make Plaintiff whole for all earnings and benefits she would have received but for Defendant's discriminatory treatment, including awarding Plaintiff back pay, front pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c)  award punitive damages;

(d)  award reasonable attorney's fees and costs; and

(e)  order any other relief that the Court deems just and equitable.

## COUNT VI

### Violation of Title VII of the Civil Rights Act--Retaliation

69. Plaintiff realleges and incorporates by reference paragraphs 1-68 as paragraph 69 of Count VI.

70. Scotts retaliated against Curry by terminating her employment on May 8, 2015, after demoting her from a full-time to a part-time position, thereby eliminating her benefits, including medical insurance.

71. The effect of Scotts's retaliatory employment practices has been to deny Curry equal employment opportunities, income in the form of wages, bonuses, and other benefits of employment.

72. Moreover, Curry has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to Scotts's retaliatory acts.

73. Curry suffered lost earnings based on Scotts's termination of her employment.

74. Scotts actions toward Curry were taken with malice, willfulness, or reckless disregard of her federally protected rights.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practices complained of are violations of Title VII of the Civil Rights Act, as amended;

(b) direct Defendant to make Plaintiff whole for all earnings and benefits she would have received but for Defendant's retaliatory treatment, including awarding Plaintiff back pay, front pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award punitive damages;

(d) award reasonable attorney's fees and costs; and

(e) order any other relief that the Court deems just and equitable.

## COUNT VII

### Violation of Section 1981--Discrimination

75. Curry realleges and incorporates by reference paragraphs 1-74 as paragraph 75 of Count VII.

76. Defendant intentionally discriminated against Plaintiff on the basis of her race in violation of Section 1981 by demoting her to a part-time position, thereby eliminating her benefits, including medical insurance.

77. Defendant intentionally discriminated against Plaintiff on the basis of her race in violation of Section 1981 when it terminated her on May 8, 2015.

78. Upon information and belief, similarly situated employees who were not African-American were treated more favorably than Curry in that they were not demoted to part-time positions, continued to receive benefits including medical insurance and were granted overtime.

79. Upon information and belief, similarly situated employees who were not African-American were not terminated under similar circumstances.

80. The effect of Scotts's discriminatory employment practices has been to deny Curry equal employment opportunities, income in the form of wages, bonuses, and other benefits of employment, because of her race.

81. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

82. Defendant's unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practice complained of are violations of Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981;

(b) direct Defendant to make Plaintiff whole for all earnings and benefits she would have received but for Defendant's discriminatory treatment, including awarding Plaintiff back pay, front pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award punitive damages;

(d) award reasonable attorney's fees and costs; and

(e) order any other relief that the Court deems just and equitable.

## COUNT VIII

### Violation of Section 1981--Retaliation

83. Curry realleges and incorporates by reference paragraphs 1-82 as paragraph 83 of Count VIII.

84. Curry engaged in protected activity when she submitted internal and external complaints regarding discriminatory treatment and harassment based upon her race.

85. Scotts, by the actions and/or omissions alleged, retaliated against Curry in violation of the Section 1981 by terminating her employment.

86. Scotts intentionally retaliated against Curry because she engaged in protected activity.

87. The effect of Scotts's retaliatory employment practices has been to deny Curry equal employment opportunities, income in the form of wages, health insurance, and other benefits of employment.

88. Moreover, Curry suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to Scotts's discriminatory employment practices.

89. Curry suffered lost future earnings due to Scotts's discriminatory employment practices.

90. Scotts engaged in these discriminatory practices with malice or reckless indifference to her federally protected rights.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and:

(a) declare that the acts and practice complained of are violations of Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981;

(b) direct Defendant to make Plaintiff whole for all earnings and benefits she would have received but for Defendant's discriminatory treatment, including awarding Plaintiff back pay, front pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c) award punitive damages;

(d) award reasonable attorney's fees and costs; and

(e) order any other relief that the Court deems just and equitable.

## JURY TRIAL DEMAND

91. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

> Respectfully Submitted,
>
> CATRINA CURRY, Plaintiff
>
> By: /s/ Clarissa Y. Cutler
> Clarissa Y. Cutler
> Attorney for Plaintiff

Clarissa Y. Cutler
Attorney at Law
155 North Michigan Avenue, Suite 500
Chicago IL 60601
(312) 729-5067
Attorney Code No. 6257909

Justin Burtnett
Burtnett Law LLC
155 North Michigan Avenue, Suite 500
Chicago IL 60601
(312) 574-0155
Attorney Code No. 6281100